T. W. PUCKETT ET UX. v. MELINDA C. WILLIAMS.

No. 1316.

1. Pleading and Proof of Title—Different Sources.

In an action to recover land, plaintiff's petition set up title by virtue of a deed to her from her husband, and then further alleged that the land had been community property of herself and husband, and that the husband had died intestate, without issue, leaving her in possession, with title in fee simple "as aforesaid." Held, that the latter words did not limit plaintiff's claim of title to the deed alone, and the deed proving to be only a testamentary instrument, plaintiff could recover upon proof of title under the other facts pleaded.

2. Same—Cancellation of Deed—Parties.

Upon such proof of title, plaintiff could also maintain an action to cancel a deed of the property executed by herself and husband and never delivered, but under which defendants asserted claim to the land.

**3. Deed—Delivery.**
 Where the grantee in a deed obtained possession thereof only for the purpose of examination, and then fraudulently had it recorded, this did not constitute a delivery of the deed by the grantor, and the title did not pass.

APPEAL from Travis. Tried below before Hon. F. G. MORRIS.

*Hugh L. Davis,* for appellants.

*E. T. Moore* and *D. W. Doom,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This is a suit by Melinda C. Williams, appellee, against M. L. Puckett and her husband, T. W. Puckett, appellants, to recover a certain tract of land described in the petition, and to cancel a deed from her and her husband, B. J. Williams, made in his lifetime, dated 30th December, 1890, to defendant, M. L. Puckett. Judgment for plaintiff for title and possession of the land, and cancellation of the deed; from which the Pucketts have appealed.

The findings of fact of the court below contained in the record are amply supported by the testimony, and we adopt the same as the conclusions of fact found by this court and make them a part hereof.

*Opinion.*— Appellants claim that the court below erred in refusing them a new trial because plaintiff did not show such interest in the property in controversy as entitled her to a cancellation of the deed. The proposition under the foregoing assignment specifically points out the error complained of, as that Mrs. Williams having set up her title cannot recover on another and different title.

The petition set up title to Mrs. Williams by a deed from B. J. Williams, her deceased husband, which deed was read in evidence. The court below finding that it was not a deed but a testamentary instrument which had not been probated, and therefore could not be used as title, appellants insist that her interest in the property as alleged, failed, and she cannot ask a cancellation of the deed executed by her and her husband to Mrs. Puckett. The property was community of herself and husband; her "husband died intestate, without issue, children or descendants, leaving plaintiff still in the possession of the said tract of land with title thereto in fee simple as aforesaid." The petition so alleged the facts. Another part of the petition preceding this averment shows that she and her husband owned the land by fee simple estate as community property, and that on the 28th day of November, 1890, her husband executed and delivered to her his deed to the land, thereby making it her separate estate, the same being the homestead; then follows the averment of the death of the husband intestate and without issue, "leaving plaintiff in possession of said tract of land with title thereto in fee simple as aforesaid."

Appellant contends that the words "as aforesaid" mean title in Mrs.

Williams by the deed from her husband, and that no other can be proved. Plaintiff declares title in herself in fee simple, and sets up the facts by which it was vested in her by the death of her husband, the property being community. Rev. Stats., art. 1653. These facts should have effect as stated, and are not limited, as claimed by appellants.

Mrs. Williams was one of the grantors in the deed to Mrs. Puckett, a deed never delivered, and she, Mrs. Williams, was left in possession of the property at the death of her husband, it being the homestead; the Pucketts were asserting title to the land under the deed, had obtained possession of it merely to have it examined, and refused to return it to Mrs. Williams. Under these conditions, Mrs. Williams, being a party to the deed and survivor of its obligations, could maintain the suit to cancel it. Besides this, she had all the title that she and her husband both had had, and therefore could sue to cancel the deed executed by them.

Appellants insist that the court erred in holding the deed by Williams to his wife, the plaintiff, to be testamentary; that it vested in her only a life estate with reversion to the grantor. The deed concluded: "The foregoing instrument is hereby declared to secure the property herein enumerated to my wife in case she is my survivor, for her own use and benefit and to dispose of as she may choose to do. If I am the survivor, I am to retain the full ownership, to sell, convey or dispose of as I may choose to do." The instrument was signed by Williams and his wife. The deed, except the concluding part above quoted, was in form of a regular warranty deed from B. J. Williams to his wife, Melinda C. Williams, the plaintiff, reciting consideration of five dollars, and purporting to convey to her the land in suit.

It is sufficient to say on this branch of the case that if the instrument was not a will, it was a deed vesting in Mrs. Williams the estate in case she survived her husband, which she has done. We do not wish to be understood as holding that the court below erred in holding that the instrument was testamentary.

The court's conclusion that the deed to Mrs. Puckett was never delivered is abundantly sustained by the evidence. It was placed in the hands of R. W. Ford, to keep for the grantors, and to remain with him until the parties should choose to deliver or destroy it. After Mr. Williams' death, Tom Puckett, defendant, went to plaintiff and asked for the deed to have it examined by a lawyer. She gave him an order for it to Ford, as follows: "May 11, 1891. Mr. R. W. Ford—Dear Sir: Please let Tom Puckett have those papers that you have in your possession for the purpose of having them examined, and oblige me." Puckett having obtained possession of the deed, had it recorded without the knowledge or consent of Mrs. Williams. She often demanded the deed from Puckett and his wife, but they refused to deliver it to her. He, Tom Puckett, returned her the deed to her from her husband, but refused to surrender the other deed.

The deed could not operate as title until delivered. The facts do not constitute a delivery either at the time of its execution or by Mrs. Wil-

liams after the death of her husband.  Dev. on Deeds, secs. 260 to 299, inclusive.

There was no error in the judgment of the court below, and it is affirmed.                                                          *Affirmed.*

Delivered October 9, 1895.

Writ of error refused.